Ruffin, Chief Justice.
We entertain the same opinion with His Honor, and think that judgment was properly given for the State. The case is fully within the principle of Jasper's case, 4 Dev. Rep. 323, which is, that a congregation *359 of people collected together for the purpose of divine service, and engaged in the worship of Almighty God, are protected by the laws and constitution of this State, from wanton interrupt ion or disturbance. To entitle them to that protection, it is not requisite that they should be assembled in a church, chapel, or meeting-house; as in this State houses set apart by religious societies permanently for worship, are generally and indifferently called. That would be the rule, if the indictment were framed upon a statute protecting churches, or people worshiping in churches. But under the enlarged sense of the Constitution, “ a place of worship” is constituted by the congregating of numerous worshipers thereat; for it is the right of conscience, the worship of the Supreme Being by his creatures, that is protected, and not merely the edifice. Our opinion therefore is, that although the assembly was at a private house — as, we think, must be intended upon this indictment —the defendants were guilty of a gross misdemeanor in molesting the persons there engaged in offering their common prayers, or united in other acts of worship, to God. The Superior Court must consequently proceed to enforce the sentence.
Per Curiam. Judgment to be affirmed;